[No. 3463.]

R. H. SMITH v. THE STATE.

1. UNLAWFULLY ACTING AS AN INSURANCE AGENT.— INFORMATION charged, in substance, that the defendant solicited insurance on behalf of a designated insurance company, and took and transmitted for one L. an application to said company for insurance, and delivered to said L. a policy of insurance from said company, and received and collected from said L. the premium upon said policy; and that the said company had not then and there complied with the laws of this State, nor received from the commissioner of insurance, statistics and history the required certificate of authority to transact business in this State. *Held*, that the information sufficiently charges the offense defined by the first and second sections of the act of 1879, "to define who are agents of insurance companies, and to fix their liability for acting without authority of law." (See Appendix to Revised Statutes, p. 44.)

2. SAME — CHARGE OF THE COURT.— It was the intent and purpose of the first section of said enactment to make every person an "agent" who should commit any of the inculpatory acts. Therefore the trial court correctly instructed the jury to convict the defendant if they found that he had committed such acts, whether he was or was not an agent of the insurance company.

3. SAME — BURDEN OF PROOF.— In a prosecution under the act of 1879, "to define who are agents of insurance companies," etc., it was not incumbent on the State to prove that the insurance company had not complied with the laws of the State, nor received the required certificate of authority. If such compliance and authority were relied on as a defense, it was incumbent on the defendant to prove them.

Appeal from the County Court of Wise.    Tried below before the Hon. W. W. Brady, County Judge.

The case is sufficiently stated in the opinion.

*Crane & Trenchard*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

Hurt, Judge.    This was a prosecution and conviction under section 2 of "An act to define who are agents of insurance companies, and to fix their liability for acting without authority of law," approved July 9, 1879.

The information in this case charges in substance that the defendant solicited insurance on behalf of the Universal Fire Insurance Company of Philadelphia, and with taking and transmitting for N. R. Lewis an application for insurance to said company, and with delivering to said Lewis a policy of insurance from said company, and with receiving and collecting from said Lewis the premium upon said policy, etc.; and that said company had not complied with the laws of this State, nor received the certificate of authority from the commissioner of insurance, statistics and history.    We are not giving the information in full, but merely its substance.    Counsel for appellant do not question, in their brief, the sufficiency of the information.

Section 2 of the above act reads as follows: "That any person who shall do or perform any of the acts or things mentioned in the preceding section for any insurance company hereinbefore referred to, without such company having first complied with the requirements of the laws of this State, or having received the certificates of authority from the commissioner of statistics, insurance and history, of the State of Texas, as required by law, shall be guilty of a misdemeanor, and, on conviction by any court of competent jurisdiction, for the first offense be fined $500, and also a sum equal to the State, county and municipal licenses required to be paid by such insurance company for doing business in this State, and shall be imprisoned in the county jail, where the offense is committed, for the period of three months, unless the fine assessed against him, and the sum of licenses herein mentioned, and the costs of the court be sooner paid; and for any second or other offense, such person shall be fined in the sum of $1,000, and shall be imprisoned in the county jail for the period of six months, unless the fine assessed against him and the costs of the court be sooner paid."

Over the objections of the defendant the State proved that, after

the insured house was burned, Lewis had never received his pay on the policy. Each and every material fact charged in the information was conclusively proved by the State.

Again: Either one of the acts charged constituted the offense, and the defendant by his own letters, introduced by him, most clearly proved one of the acts charged in the information. Hence this objectionable evidence, though irrelevant, could not have injured the defendant, especially when the punishment was fixed by law. There is no margin for the jury; for, if guilty, the second section of said act requires that the guilty party shall be fined $500, and also a sum equal to the State, county and municipal licenses required of such insurance company. And the amount of the State and county licenses is fixed by law; that for the State at two hundred dollars, and that for the county at seven dollars, which, added to the five hundred, make seven hundred and seven dollars, the amount of the verdict and judgment. (See Acts of the Special Session of 17th Legislature, April 6, 1882, page 21.)

Appellant by his counsel objects to the charge of the court, because the jury were instructed, in effect, that they would find the defendant guilty if he did any of the acts charged, regardless of whether he was in fact acting as the agent of the company. This charge was most evidently correct. For it was the intent and express purpose of the first section of the act (first above referred to in this opinion) to make all persons committing any of the acts therein named agents, whether in fact they were so or not. Of course the characters and persons named in the proviso are excluded from the operation of this act.

It is also objected to the charge because it imposed on the defense the burden of proving that the Universal Insurance Company had complied with the laws of the State, or received the certificate of authority from the commissioner of insurance, statistics and history. Under a long line of decisions and well settled principle of procedure in such cases as this, the burden is upon the defendant. *Jones* v. *The State*, 13 Texas Ct. App., 1, supports this charge.

We have examined all of the assignments of error made by appellant, besides those treated of in this opinion, and find none of them well taken. Consequently, the judgment is affirmed.

*Affirmed.*

[Opinion delivered April 25, 1885.]